IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUCIANO HERRERO-BARBA,

    Plaintiff,                            No. 2:11-cv-1862 DAD

    vs.

CAROLYN W. COLVIN,                <u>ORDER</u>
Commissioner of Social Security,

    Defendant.
_____/

        This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

## PROCEDURAL BACKGROUND

        On August 15, 2008, plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act) and for Supplemental Security Income (SSI) under Title XVI of the Act, alleging disability beginning on March 15, 2007. (Transcript (Tr.) at 123-37.) Plaintiff's application was denied initially and upon reconsideration. (Id. at 65-69, 73-77.) A hearing was held before an Administrative Law Judge (ALJ) on January

1

12, 2010. (Id. at 25-55.) Plaintiff was represented by counsel and testified at the administrative hearing. In a decision issued on February 26, 2010, the ALJ found that plaintiff was not disabled. (Id. at 20.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.
>
> 2. The claimant has not engaged in substantial gainful activity since March 15, 2007, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).
>
> 3. The claimant has the following severe impairments: history of alcohol dependence, history of cocaine abuse, depressive disorder, varicose veins (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently and can sit, stand and walk for a total of 6 hours in an 8-hour workday. The claimant can only occasionally climb, stoop, kneel, crouch and crawl. The claimant is not significantly limited in his ability to understand, remember and carry out simple and complex instructions or his ability to relate and interact with supervisors, coworkers and the public. The claimant is slightly limited in his ability to maintain concentration, attention, persistence and pace, associate with day-to-day work activity and adapt to stresses common to a normal work environment.
>
> 6. The claimant is capable of performing past relevant work as a drill press operator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from March 15, 2007, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Id. at 15-20.)

/////

On May 12, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 14, 2011.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff argues that the ALJ committed the following two principal errors in finding him not disabled:  (1) the ALJ failed to discuss in the decision the opinion of examining physician Dr. Gong; and (2) the ALJ improperly rejected plaintiff's testimony concerning his subjective symptoms.[1]

/////

/////

---

[1] Although plaintiff also asserts a separate claim that the ALJ erred in failing to analyze the evidence of plaintiff's cognitive impairment in addition to his claim that the ALJ failed to discuss Dr. Gong's opinion, those two claims are interrelated and will therefore be addressed by the court as a single claim.

I.      **Medical Opinion**

Plaintiff argues that the ALJ erred in failing to discuss the opinion of examining physician Dr. Gong in the decision. (Pl.'s MSJ (Doc. No. 15-1) at 14-17, 19-20.[2]) In this regard, on November 3, 2008, Dr. Vincent Gong examined plaintiff. Dr. Gong's examination included the following:

> Review of available medical records, clinical interview, COGNISTAT, California Verbal Learning Test Short Form, Repeatable Battery for the Assessment of Neuropsychological Status, Matrix Reasoning subtest of the WAIS-III, Trail Making Tests/Verbal Fluency/Color-Word Interference subtests of the D-KEFS, and The Wide Range Achievement Reading Subtest.

(Tr. at 432.)

Dr. Gong reported that the examination revealed, in part, the following:

> Mr. Barba's present neuropsychological evaluation is highly remarkable for performance deficits on administered tests assessing general speed of mental processing, constructional praxis, and component executive cognitive processes. Both the level of severity and pattern of performance deficits appear consistent with Mild Cognitive Impairment. In addition, he continues to present with symptoms suggestive of a persisting depressive mood related to recent deaths of family, functional decline from prior CVA, and financial stressors.
>
> We suspect the etiology is mixed. Certainly, Mr. Barba's h/o CVA and chronic medical problems with high risk factors for cerebrovascular disease should be considered as contributing to his presentation. However, the patient's h/o depression should also been seen as compounding both the patient's experience of functional deficits and perception of deficits.

(Id. at 434-35.)

"The ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). See also Robbins v. Social Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

5

1 the record, including, inter alia, medical records, lay evidence, and the effects of symptoms,
2 including pain, that are reasonably attributed to a medically determinable impairment.").

3       Here, the ALJ failed to discuss Dr. Gong's November 3, 2008 opinion in the
4 decision. Dr. Gong, as noted above, was an examining physician. An examining physician's
5 uncontradicted opinion may be rejected only for clear and convincing reasons, and when an
6 examining physician's opinion is controverted by another doctor's opinion, the examining
7 physician's opinion may be rejected only for specific and legitimate reasons supported by
8 substantial evidence in the record. Lester, 81 F.3d at 830-31.

9       The court finds that the ALJ's failure to discuss Dr. Gong's opinion constitutes
10 legal error. See Lingenfelter v. Astrue, 504 F.3d 1028, 1037-38 (9th Cir. 2007); Smolen v.
11 Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) (finding legal error where ALJ ignored medical
12 evidence of claimant's impairments without explanation); Cotton v. Bowen, 799 F.2d 1403,
13 1408-09 (9th Cir. 1986) (finding legal error where ALJ's findings ignored medical evidence
14 without giving specific, legitimate reasons for doing so), superceded by statute on another point
15 as stated in Bunnell v. Sullivan, 912 F.2d 1149 (9th Cir. 1990).

16       Moreover, the court cannot find that this error was harmless. In his November 10,
17 2008 opinion Dr. Gong found that, with respect to plaintiff's functioning, "errors in execution
18 secondary to impulsivity and limits in managing multiple simultaneous demands will be present."
19 (Tr. at 434.) According to the Vocational Expert who testified at the January 12, 2010
20 administrative hearing, such a limitation would be "problematic" to plaintiff's performance of his
21 past relevant work as a drill press operator. (Id. at 46.)
22 /////
23 /////
24 /////
25 /////
26 /////

Accordingly, the court finds that plaintiff is entitled to summary judgment in his favor with respect to this claim.[3]

**CONCLUSION**

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, this case must be remanded so that the ALJ can properly consider and address Dr. Gong's November 3, 2008 opinion in the ALJ's decision. See Cotton, 799 F.2d at 1408-09. Moreover, depending upon the ALJ's analysis of examining physician Dr. Gong's opinion, the nature of any new evidence and after reevaluating all of the evidence of record, the ALJ may well elect to reconsider the treatment of plaintiff's testimony concerning his subjective symptoms.[4] Moreover, on remand the ALJ shall set forth specific, clear and convincing reasons if such testimony is discounted or rejected.

/////

---

[3] Plaintiff also asserts that the ALJ's opinion is internally inconsistent. (Pl's MSJ (Doc. No. 15-1) at 18.) That appears to be the case. In this regard, the ALJ's opinion purports to find that plaintiff had "moderate difficulties" with respect to concentration, persistence and pace. (Tr. at 17.) In the Residual Functional Capacity determination, however, the ALJ concluded that plaintiff' was only "slightly limited in his ability to maintain concentration, attention, persistence and pace . . ." (Id. at 17-18.)

[4] Because analysis of the ALJ's treatment of plaintiff's testimony turns in part on the ALJ's treatment of examining physician Dr. Gong's opinion, the court cannot yet evaluate plaintiff's additional claim that the ALJ improperly rejected plaintiff's testimony concerning his subjective symptoms.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 15) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 16) is denied;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

DATED: March 19, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/herrero-barba1862.order