UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIANO HERRERO-BARBA, | No. 2:11-cv-1862 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the court on plaintiff's fully briefed motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").

Plaintiff brought this action seeking judicial review of a final administrative decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act) and for Supplemental Security Income ("SSI") benefits under Title XVI of the Act. On March 20, 2013, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's motion, reversed the decision of the Commissioner and remanded the action for further proceedings.

/////

/////

1

1         The court's decision was based upon the conclusion that the Administrative Law Judge ("ALJ") failed to discuss the opinion of an examining physician, despite the fact that a Vocational Expert testified at plaintiff's administrative hearing that the limitations indicated by the examining physician's opinion would be "problematic" to plaintiff's performance of past relevant work. (Doc. No. 18 at 6.) Moreover, the court also noted that the ALJ's opinion appeared to be internally inconsistent and that the ALJ's failure to discuss the opinion of the examining physician rendered it impossible for the court to analyze the ALJ's treatment of plaintiff's testimony. Accordingly, the court remanded the matter for a new hearing and directed the ALJ to consider and address the opinion of the examining physician and to set forth specific, clear and convincing reasons for rejecting plaintiff's testimony, if such testimony were discounted or rejected.

        On June 17, 2013, plaintiff filed a motion for attorney fees seeking a fee award of $5,265.57 for 28.6 hours of attorney time expended in connection with this action. (Doc. No. 19.) On July 16, 2013, defendant filed a statement opposing plaintiff's motion for attorney fees. (Doc. No. 20.) Therein, defendant argues that the government was substantially justified in defending the ALJ's decision. Plaintiff filed a reply on July 30, 2013, disputing defendant's argument and seeking additional compensation for 2.5 hours of attorney time at a rate of $184.32 per hour. (Doc. No. 21.) Accordingly, plaintiff now seeks an attorney fee award of $5,726.37 representing 31.1 hours of attorney time expended in connection with this action.

        The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001)

        A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i).

1   The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. §
2   2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount
3   awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted'
4   the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28
5   U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

6   A party who obtains a remand in a Social Security case is a prevailing party for
7   purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this
8   Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant
9   to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") .
10  "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if
11  the denial of her benefits is reversed and remanded regardless of whether disability benefits
12  ultimately are awarded." Gutierrez, 274 F.3d at 1257.

13  Here, the court finds that plaintiff is the prevailing party. Moreover, the court
14  finds that plaintiff did not unduly delay this litigation, and that his net worth did not exceed two
15  million dollars when this action was filed. The court also finds that the position of the
16  government was not substantially justified. See Meier v. Colvin, --- F.3d ---, 2013 WL 3802382,
17  at *1 (9th Cir. 2013) (position of the government "includes both the government's litigation
18  position and the underlying agency action giving rise to the civil action."); Corbin v. Apfel, 149
19  F.3d 1051, 1053 (9th Cir. 1998) ("While the government's defense on appeal of an ALJ's
20  procedural error does not automatically require a finding that the government's position was not
21  substantially justified, the defense of basic and fundamental errors such as the ones in the present
22  case is difficult to justify."); Sampson v. Chater, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding no
23  substantial justification where the Commissioner "did not prove that her position had a reasonable
24  basis in either fact or law" and "completely disregarded substantial evidence" of the onset of
25  disability).

26  The EAJA expressly provides for an award of "reasonable" attorney fees. 28
27  U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at
28  $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an

increase in the cost of living.[1]  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'"  Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)).  The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'"  Id. at 989 (quoting Hensley, 461 U.S. at 437).

Here, plaintiff's attorney obtained an order for a new hearing despite defendant's cross-motion for summary judgment.  Moreover, after carefully reviewing the record and the pending motion, the court finds the claimed 31.1 hours to be a reasonable amount of attorney time to have expended on this matter and declines to conduct a line-by-line analysis of counsel's billing entries.  See, e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano v. Astrue, No. 05-CV-3534, 2008 WL 623197, *4 (E.D. N.Y. Mar. 4, 2008).  While the issues presented may have been straightforward, 31.1 hours can be fairly characterized as well within the limit of what would be considered a reasonable amount time spent on this action when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court.  See Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); Dean v. Astrue, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to be a reasonable amount of time).

---

[1] In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be found on the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff's requested rates are consistent with the statutory maximum rates established by the Ninth Circuit.

1   Plaintiff's motion includes a request that any EAJA fees awarded be paid directly
2 to plaintiff's attorney. However, subsequent to the filing of plaintiff's motion, the United States
3 Supreme Court ruled that an attorney fee award under the EAJA is payable to the litigant and is
4 therefore subject to a government offset to satisfy any pre-existing debt owed to the United States
5 by the claimant. Astrue v. Ratliff, 560 U.S. 586, ---, 130 S. Ct. 2521, 2526-27, 2529 (2010).

6   Subsequent to the decision in Ratliff, some courts have ordered payment of the
7 award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA
8 fees, provided that the plaintiff has no debt that requires offset. See Blackwell v. Astrue, No. CIV
9 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV
10 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-
11 cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No.
12 EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, in recently
13 submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the
14 parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider
15 the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the
16 assignment by making the fees and expenses payable directly to counsel. The court will
17 incorporate such a provision in this order.

18   Accordingly, IT IS HEREBY ORDERED that:

19   1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Doc.
20 No. 19) is granted;

21   2. Plaintiff is awarded $5,726.37 for attorney fees under 28 U.S.C. § 2412(d); and

22   3. Defendant shall determine whether plaintiff's EAJA attorneys' fees are subject
23 to any offset permitted under the United States Department of the Treasury's Offset Program and,
24 if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall

25 /////
26 /////
27 /////
28 /////

cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

Dated:  October 7, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\herreo-barba1862.eaja.ord

6